Demaraprise Insurance v. Audatex, and Mr. Rader, is it? Is it pronounced Rader or Ryder? Mr. Rader, thank you. All right, so Mr. Rader, just give me one second so we can get settled. All right, so you've reserved two minutes for rebuttal. That gives you eight to start. You may proceed. Thank you, and may it please the court, counsel, I represent the appellant to Demaraprise Captive Insurance Company in this matter. The district court committed error here by applying general contract terms to override a very specific indemnification provision in the contract between the parties. Under New York law, that indemnification provision and its trumping language precluded the district court from using those other general terms to override the clear language of the indemnification provision. So the trumping language is notwithstanding any other provision here? That's correct, Your Honor. All right. And what the court did was really went at this backwards. There are, as you know, many, many cases talking about indemnification and construing the contract as a whole and looking at the party's intent when analyzing the indemnification provision. But you often, in nearly all of those cases where they went outside of the indemnification provision, it was because there was some ambiguity in that indemnification provision. So they went to the rest of the contract to try to decide what the agreement was. Here, that indemnification was ultimately and eminently very, very clear and provided an unmistakable intent to indemnify. Well, I guess I did have a question, but I don't think it was really briefed and discussed much below. But, I mean, it seems to me that 20.1.1 of the contract, which is part of the indemnity provision, specifically excludes Ameriprise content. And so I guess the contract doesn't define Ameriprise content. And so is there a question as to whether or not the fact that Ameriprise was responsible for the state compliance information mean that it was Ameriprise content? No. No, Your Honor. The language says that this- Was that clear from the contract or did you say no based on other things? Well, there's no allegation in the underlying complaint. And remember, this is a Rule 12 motion, so we have to take the face of that complaint as true. There's also the Zurn complaint attached to that. And what was alleged was Ameriprise's use of Auditex's system resulted in a breach of state law and a breach of the underlying insurance contracts. So, again, we go back to the unmistakable intent to identify. And it says, any and all claims resulting from or arising out of the system's services content, any work products- But you skipped over specifically excluding Ameriprise content. So if this is Ameriprise content, then it is excluded, right? It may not be. I just don't know what in the contract- There's nothing in the record that suggests that that is the allegation in the underlying matter. There's also nothing in the underlying complaint which suggests that Ameriprise's content was the issue in the underlying dispute. Well, the complaint is yours, right? Correct. So I assume you wouldn't lead with that in the complaint. But on a Rule 12 motion, what we have to look at is, is there a plausible allegation that this underlying action in Zurn was covered by the indemnification provision? And that provision does say, or the use thereof of Auditex's systems. Now, that- So if we agreed with you, sent it back down, then I gather Auditex would get to answer and could assert that Ameriprise's content includes the material related to compliance in the states. Correct. They're not barred from doing that? Correct. And that sounds like the interpretation of Ameriprise's content would require extrinsic evidence because the contract doesn't define the term. Or does it? I mean, it defines content, but it doesn't define Ameriprise's content. Correct. It does not. So, but we go back to, we're Rule 12 here. So did the complaint under Twombly plausibly allege a breach of the indemnification provision? The indemnification provision, unlike most of the cases cited by the parties and by the district court, was very clear. Any and all third party claims arising out of resulting from the use of this service and database provided by Auditex. And that is the underlying allegation. That you used Auditex's claim management system, claim processing valuation system, and as a result of that use, you violated state law. And that is plainly set out in this indemnification provision. What the district court here did was went to general contract terms, not the indemnification provision. And she said, well, you guys agreed elsewhere in the contract to allocate responsibilities. Those are performance responsibilities. They were not indemnification responsibilities. Which, again, under Hooper, under Exxon, under Pfizer, the cases that were cited by the district court, those cases involved an ambiguity within the indemnification clause itself. Thus, they had to go outside into the rest of the terms of the contract to decide whether or not the parties had agreed to indemnify one or the other for those terms. Many of those cases also involved questions about whether there was an indemnity agreement at all. Whether this particular party who was seeking indemnification was covered by that provision. There's no question here that there is an indemnification. There's no question that Ameriprise is the party entitled to indemnification. And there's no question that the parties agreed that they would not look at the other terms of the contract when applying the indemnification provision. That is the essence of a trumping provision. Well, the district court effectively read arising out of to require proximate cause. Would you agree with that? I think she went way beyond the complaint and made factual determinations that were not alleged in the complaint. And I believe the court did essentially use proximate cause. This court, of course, in Turner Construction, said arising out of or resulting from only requires that there is some causal relationship. But for not proximate. Correct. A much, much less than standard. And here, those allegations in our underlying complaint and then in the Zurn complaint clearly allege that because you used the Auditec system, you breached state law. Now, as an insurer, of course, Ameriprise is responsible for complying with state regulations or state laws. And the reading that the district court reached here of this indemnification provision would essentially render that clause meaningless. Because we, of course, are responsible for state law. If we are alleged to have breached state law because we were using Auditec's system, we are ultimately responsible to the policyholder or potentially to a regulator. So the court here essentially said, well, because you're responsible for state law, you're not entitled to indemnification. But this is not an indemnification provision that delineated between my fault and your fault. This is not a provision that said, however, if you are found to have breached or if the allegations arose from an alleged breach of one of the responsibilities you, Ameriprise, had under the contract, you're not entitled to indemnification. Which, again, makes this case very different. Unlike many of these cases, the parties delineated who had responsibility for indemnification-related liabilities. They split them up. They said, if I'm negligent, I will indemnify you. In some of them, they had timing-related liabilities. In Pfizer and, again, Exxon, it was, did I assume liability or were they retained? Was it before or after a transaction? Your Honor, I'm out of time. I'm going to sit down. Thank you. All right. Well, you've got two minutes for rebuttal. I do. So that brings up Mr. Rogers. Thank you, Your Honor. May it please the Court, Brent Rogers on behalf of the Appellee Autotex. This case presents a pretty straightforward issue of contract interpretation. It's not a novel one, Your Honors. Interpreting indemnification provisions is something that this court, the district courts in this circuit, and the New York courts have done time and time again. No, you bet. But notwithstanding, any other provision herein seems to be pretty broad language, and we've construed it as, as Mr. Rader said, trumping language. It's only trumping. It seems like the district court went to other parts of the agreement and trumped this language with what it found elsewhere. No, Your Honor. That's not what the district court did. Notwithstanding is trumping language only when there is an inconsistent provision of the contract. Here, there's nothing inconsistent about 25.26.1, which allocates responsibility for state law compliance. That's not inconsistent with the indemnification provision. That is a provision that must be looked to to interpret the indemnification provision in the first place. So in every case where a court is interpreting an indemnification clause, it's not that there was ambiguity in the indemnification clause, as counsel would have it. It's that you have to look at the broader context of the indemnification clause. So what does notwithstanding any other provision herein mean? It means that if there was a conflict between the indemnification provision and some other provision in the contract, the indemnification provision would apply. Okay, but this indemnification provision says that, basically, any and all claims resulting from or arising out of the system, services, content, or any other work product provided by Autotex is covered by the indemnification. And that's the same type of language that courts have interpreted over and over again. And when they interpret that kind of language, they say arising out of is not as broad as it sounds. You have to look to other provisions of the contract. Mr. Pesci, arising out of is not as broad as it sounds. So, for instance, in the AAA case and in the parking garage cases, so the AAA case is the federal insurance case and the parking garage case is the greater New York mutual insurance case. In both of those cases, the language of the indemnification provision was that the plaintiff was an additional insured with respect to liability arising out of the defendant's operations. And in both cases, the court looked beyond and said, okay, what does it mean to arise out of the operations or out of the work that was done by, in one case, AAA, the national organization, and in another case, the operator of a parking garage? And in both cases, the court said to arise out of means you have to look at what the parties expected their respective responsibilities would be. Did those cases involve notwithstanding any other provision? Those cases did not. But, Your Honor, what's important is the courts in those cases did not say that the arising out of language and the indemnification provision was conflicting with the parties' allocations of responsibilities elsewhere in the contract. What the court said was to understand what it means to arise out of the work done by the contractor or by AAA, you have to look to other parts of the contract and how the parties allocate their responsibilities. The work product provided by Autotex, and I guess I'm, I mean, the carve-out is excluding Ameriprise content. And it would seem to me that Autotex's argument would be that information or content included in the system that relates to state law compliance, well, that falls under the heading of Ameriprise content and is therefore excluded from the otherwise incredibly broad indemnification provision. That would seem to be the straightforward and textual way to resolve this. But the district court didn't do that. I'm not sure anybody asked her to. Yeah, we did not ask her to do that, Your Honor. Actually, Ameriprise content is defined in the contract at page 93 of the appellate record. It means content and data created, produced, and developed by Ameriprise and its affiliates. That's in the definition section? That's correct. Schedule 1.0, the definition section of the contract. Now, we didn't focus on that definition, Your Honor, because we thought the allocation of responsibility overall. What page did he append it to? Page 93. Page 93. Go ahead. Keep talking. I don't want to burn your time. So I think that that issue is just indicative of how the parties allocated responsibility in the contract. Ameriprise is responsible for its content. What is the provision on page 93 that you're pointing to? It's the definition of Ameriprise content, Your Honor. It's about halfway down the page on page 93. So in your view, is the state compliance information Ameriprise content? We very well may argue that, Your Honor, if this were sent down below. I don't think we need to because I think that the allocation of responsibility in 2526.1 is so clear that it can't be the case that the parties expected. That notwithstanding that Ameriprise is responsible for state law compliance, state insurance laws, they're an insurance company. That nevertheless, Auditex would indemnify them for an alleged violation of state law simply because they used our product in reaching that violation. I'm still having trouble understanding what work you think the phrase notwithstanding any other provision herein does. It doesn't do any work in this case, Your Honor. But what it does is as the parties were negotiating the contract, they were trying to account for the unforeseeable circumstances. No one would write a contract and ingrain a conflict in that contract on purpose. And that's not what happened here. But it doesn't say it doesn't refer to any specific conflict. It just refers to every other provision in the agreement. And it says notwithstanding that, vendor agrees to defend as well as indemnify. So first order defense, if it arises out of use of, if you're going to use our product, we're going to defend you if anything arises out of that. I don't think that's- What other ways, I mean, I don't understand why that phrase doesn't become total surplusage under your analysis. Because if you announce that there's a conflict someplace else, that's when it applies. Otherwise, or that's when it doesn't work. Otherwise, it applies. Understood, Your Honor. Again, I think this was the parties trying to account for circumstances that they could not foresee. If it turned out that there was a conflict between the indemnification provision and another provision of the contract, they wanted to be clear that the indemnification provision would prevail in those circumstances. But that's not the circumstances we have here. There is no conflict between the indemnification- There's no conflict because this claim doesn't arise out of? That's- System services, content, or work product provided by Autofix? That's right. Okay, but that requires then a causation assessment, right? There is an element of causation, Your Honor, in the AAA case, in the parking garage case. But it seems to me that we have consistently held that the causation requirement in arising out of is pretty- It's not proximate cause. It is just a but-for cause. And so if this system is built with state law compliance information into it, or built with state law compliance information that is misstated or mischaracterized, why does it not arise out of this? Well, I think that's a misunderstanding of the level of causation that would be required. So in the Eglin case- How would we know that from the four corners of this complaint? Because the four corners of the complaint alleges all of the facts that are necessary to determine whether there is indemnification here. There are no facts that- Now we're getting to cause, right? Whether there's- So you're saying that the four corners of the complaint, I guess including the attachment, which is the Zwirn complaint? Yes, Your Honor. You're saying that that contains all you need to know to be able to determine whether there's a but-for cause between the Autotex product and the claims raised in the Zwirn. The allegations in the Zwirn complaint are that Ameriprise instructed Autotex to apply a total or a negotiation discount on total lost vehicles. Paragraph 19 of the Zwirn complaint. That is the only- That is the only allegation that you need to know to know what is the link between our product and what happened in the Zwirn case and what Zwirn is bringing their claims for. There are no other facts that could possibly be developed. The Zwirn case has settled. Right, right. I get that. But the allegation in Zwirn is that this product, Autotex's product, coupled with the instructions of Ameriprise to go forward with it, resulted in conduct that's illegal in the state of Washington, right? The allegation in Zwirn is that Ameriprise's conduct was illegal. They did use our product in that illegal conduct in the same way that a contractor could use a hammer to misroof a building and thereby cause a flood. The hammer is not the cause of the flood. Because I think that if a third party brings a suit against the builder and the contractor and there's an indemnification provision that says notwithstanding any other provision, you're on the hook for this. It's not clear to me that you get to rely on the fact that the builder told the contractor to use a particular hammer. I'm not sure that's a good example for you. Yeah, I think, Your Honor, we simply disagree that the but-for causation standard that I think the court is articulating now, I don't think that's how New York courts interpret indemnification provisions. Well, what's your best case for that? Because it seems to me that we've got several that make it clear that proximate cause is not the standard when there's a rising out of or under provision. In the Worth case, for instance, Your Honor, this was a contractor who was building a staircase on behalf of a general contractor. In that case, the indemnity language said that the subcontractor would, this was an insurance case, so the contractor was an additional insured with respect to liability arising out of the subcontractor's operations. The subcontractor was building a staircase. Someone slipped and fell on that staircase as a result of someone else's negligence, a third party's negligence. And the court said, that's not enough. Just the fact that they were injured, that the personal injury claimant was injured on the stairs is not enough. That's but-for causation. If the stairs hadn't been built the way that they were built, the person wouldn't have been injured. But there was an intervening cause in that case, the third party's negligence. And the court said, that's not indemnified. All right, well let me see if there are other questions, otherwise we will hear two minutes rebuttal from Mr. Rader. Thank you, Mr. Rogers. Thank you, your honor. The provision also talks about for the use thereof. And Judge Carney's question was a good one, and that is, we purchased this product to use it in adjusting claims, and we have been sued as a result by the fact that we used it. And that's what we alleged in our complaint against Autotex, and that's what Zurn alleged. As we also cited in our brief, this is a common problem. This is not new, this is not unique to Ameriprise or IDS. These claims have been brought against numerous other insurance companies because of, or as a result of, the use of the Autotex system. Had Autotex wanted to limit its indemnification obligation to something that only related to its mistakes, or its problems, or a defect in its system, it could have done that. It didn't. The contract said any claim. It doesn't say unless Ameriprise breached its obligations to comply with state laws. All right, but I mean, if it turned out and discovered that Ameriprise knew full well that the Autotex system was violative of state law, there might be other defenses to your breach of contract claim, right? Perhaps. That will not be the case, your honor. This is an automatic- We can't decide that today. This is an automatic system. This calculation was baked into the software. And we will show that that- How was it baked into the software and where in the complaint does it say that? Yeah, it doesn't say that. The Zurn complaint says upon information and belief, Ameriprise or IDS told Autotex to do these things, upon information and belief. And the actual litigation in Zurn, which we haven't got a chance, or that this is automatic, that this is baked into the software. That's why on a rule 12, plausibility- What is baked into the software, I'm not sure I understand. This typical negotiation adjustment. Well, I don't think that's a question. I think that is in the complaint. I mean, that's there. The issue is whether or not that adjustment is violative of state law, right? That was the allegation in Zurn, correct, that it was violative of state law. And as a result, Ameriprise had to defend that case and settle that case. But the point of that is, this indemnification provision is so broad that that is covered by the provision. Had they wanted to do it differently, it could have been drafted differently. And the majority of the cases that have been before the court in the briefing, both in this matter and then in the underlying matter, relate to really ambiguity within the indemnification provision of that. Trumping language here in that provision itself is crystal clear. Any and all third claims resulting from, arising from, the use of the system. Not only the products and services themselves, but just the use of it, which is what clearly the Zurn complaint alleged. Thank you. All right, well thank you both. Well argued, we will reserve decision.